# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>       Respondent,<br><br>v.<br><br>JUSTIN ALAN THOMPSON O'NEIL, | No.  60278-4-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — The State charged Justin A. T. O'Neil with third degree assault with criminal negligence.  At trial, both parties requested an instruction on the lesser included offense of fourth degree assault.  The trial court gave the instruction, and a jury found O'Neil guilty of fourth degree assault.

O'Neil appeals, arguing that the trial court erred in instructing the jury on the lesser included offense.

We hold that the invited error doctrine precludes O'Neil's challenge to the instruction that he requested and affirm.

## FACTS

During an argument in May 2023, O'Neil hit Mark Kester in the head with a lawn sprinkler. The State charged O'Neil with third degree assault with criminal negligence under RCW 9A.36.031(1)(d).

At trial, Kester testified consistently with the facts set forth above. Also admitted into evidence was a video capturing the incident and a recording of an interview where O'Neil admitted to law enforcement that he threw the sprinkler at Kester.

When the parties discussed jury instructions, the State raised the possibility of a lesser included instruction on fourth degree assault and suggested that it was asking for the instruction. At which point, O'Neil also expressly asked for the instruction. The following exchange took place:

> THE COURT: All right. Are we asking for a lesser included?
>
> [State]: I am. I believe that if he is convicted of the greater offense and the lesser included was not available to him, this case will get overturned. . . .
>
> THE COURT: Counsel?
>
> [Defense counsel]: Your Honor, yes . . . *Defense is asking for a lesser included in this case, as well*.
>
> THE COURT: [A]s long as the Defense is asking for it, if it would be error not to give it if the Defense asked for it.
>
> . . . .
>
> So, we are going to be giving the lesser included of assault in the fourth degree.

Verbatim Rep. of Proc. (VRP) at 288-89 (emphasis added). As a result, the trial court gave a lesser included offense instruction on fourth degree assault.

Thereafter, the jury found O'Neil not guilty of third degree assault, but guilty of the lesser included offense of fourth degree assault.

O'Neil appeals.

2

ANALYSIS

O'Neil argues that the trial court erred in instructing the jury on the lesser included offense of fourth degree assault.[1] We hold that the invited error doctrine precludes review of the alleged error.

The invited error doctrine prohibits a criminal defendant from seeking appellate review of an error that they helped create, even when the alleged error involves constitutional rights. *State v. Holmes*, 31 Wn. App. 2d 269, 288, 548 P.3d 570, *review denied*, 3 Wn.3d 1024 (2024). For an error to be invited, it must be the result of an affirmative, knowing, and voluntary act. *Id*. In the context of jury instructions, a defendant is precluded from raising a challenge to the instruction on appeal when they either propose the instruction or agree to the instruction's wording. *State v. Winings*, 126 Wn. App. 75, 89, 107 P.3d 141 (2005).

O'Neil contends that he did not invite the alleged error. He asserts that the doctrine does not apply because the State proposed the lesser included instruction and he merely "acquiesced" to it. Br. of Appellant at 8. We disagree.

Although the State may have initially proposed the instruction, O'Neil did more than merely "acquiesce" to it. Rather, defense counsel said "Defense is *asking for* a lesser included in this case, as well." VRP at 288 (emphasis added).

---

[1] The State's entire response consists of two sentences. In the first sentence, the State merely quotes RCW 10.61.003, the inferior degree statute. And in the second sentence, the State makes the conclusory observation that "[a]ssault in the Fourth Degree is an inferior degree to Assault in the Third Degree, therefore the lower court did not error in giving the instruction on Assault in the Fourth Degree." Br. of Resp't at 1. Such a minimal response is utterly unhelpful.

No. 60278-4-II

By expressly "asking for" the lesser included instruction, O'Neil clearly had a direct hand in creating the alleged error about which he is now complaining on appeal. *See Holmes*, 31 Wn. App. 2d at 288. This is precisely the type of situation that the invited error doctrine is intended to preclude. *See id*. Thus, the invited error doctrine precludes review of O'Neil's claimed error. *Winings*, 126 Wn. App. at 89 (explaining that review of a challenged jury instruction is precluded when either the defendant has proposed an instruction or agreed to its wording).

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
PRICE, J.

We concur:

_____
CRUSER, C.J.

_____
GLASGOW, J.

4